# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICIA CHAVEZ, et al.

    Plaintiffs,

    vs.                                                                                                     No. CIV 97-0619 JC/LFG

WAL-MART STORES, INC.,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of the Motion of Plaintiffs Redhouse, Trephibia, Pinto, J. Begay, Chavez, Cheromiah, Christian, Desiderio, Etsitty, Henry, James, King, Laate, Lagoy, V. Lee, Livingston, Montoya, Minnie Woody and S. Yazzie for Partial Summary Judgment, filed July 17, 1998 *(Doc. 40)*. The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities, and heard oral argument on September 30, 1998 and December 29, 1998. The Court finds that Plaintiffs' motion is well taken and will be granted.

**I.**     **Factual Background**

This case involves the pay claims of numerous employees of Wal-Mart. The claims are brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The various Plaintiff employees claim Wal-Mart forced them to work "off-the-clock" without compensation and altered time records to avoid paying overtime.

Plaintiffs entered into a settlement agreement with Wal-Mart on May 11, 1998 regarding the pay claims. The settlement agreement called for the employees to submit their respective claims to

Wal-Mart for evaluation. Under the agreement, Wal-Mart was to have thirty days to review the claims and either pay the claims or provide a detailed reason why the claims were disputed. "Failure to [so respond amounted to] consent and agreement with the . . . claim." (See Joint Motion to Vacate Trial Setting, Ex. A at 4.)

On May 4, 1998, the "off-the-clock" claims of Plaintiffs Cornelius Redhouse, Christine Pinto and Ray Trephibia were sent to Wal-Mart. Wal-Mart responded to these claims on June 15, 1998, a date beyond the thirty-day window contemplated by the settlement agreement. Plaintiffs Redhouse, Pinto and Trephibia argue Wal-Mart's untimeliness constitutes agreement with the claims under the settlement agreement.

Wal-Mart also responded to the "off-the-clock" claims of Johnny Begay, Jr., Patricia Chavez, Adrian Cheromiah, Kay Christian, Lenny Desiderio, Tammie Etsitty, James Henry, Rocco James, Diana King, Kathleen Laate, Evelyn Lagoy, Victoria Lee, Dale Livingston, Paul Montoya, Minnie Woody, and Samantha Yazzie on June 15, 1998. Wal-Mart's response stated only that these claims were disputed and that further investigation was underway.

Plaintiffs argue Wal-Mart's response to the second group of claims was inadequate under paragraph eight of the settlement agreement. Paragraph eight states that:

> Within 30 days of receipt of any Plaintiff's claim for off-the-clock work, Wal-Mart may serve the opposing party, via first-class mail, with notice that it disputes the report or claim, and **clearly specifying which part of the report or claim is disputed, and the basis for the dispute**. Failure to timely serve such a notice constitutes consent and agreement with the contents of such report or claim.

(Attached to Joint Motion to Vacate Trial Setting as Ex. A at 4 (emphasis added).) Plaintiffs contend Wal-Mart's response did not "clearly specify" which part of the claim was disputed and did not provide the basis for the dispute.

**II.     Analysis**

Summary judgment is appropriate if the moving party demonstrates that there is "no genuine issue as to any material fact" and that the party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). When faced with a summary judgment motion, the Court must view the facts in the light most favorable to the nonmoving party. See Adler v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) (citing Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986)). Summary judgment will only be granted "if there is not sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." Biester v. Midwest Health Servs., Inc., 77 F.3d 1264, 1266 (10th Cir. 1996) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986)).

I find that Plaintiffs' motion for partial summary judgment should be granted. Defendant Wal-Mart entered into a valid settlement agreement with Plaintiffs, and the agreement was submitted to the Court as an attachment to the parties' Joint Motion to Vacate Trial Setting, filed June 5, 1998 *(Doc. 39)*. The agreement contemplated the Court's continued involvement with the disputed claims (see Joint Motion to Vacate Trial Setting, Ex. A at 4), and none of the moving Plaintiffs have been dismissed from the case. Consequently, the Court has ancillary jurisdiction to hear the claims stemming from the agreement. Cf. Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375 (1994) (absent reservation in the dismissal order, the court lacks subject matter jurisdiction to enforce a settlement agreement where the case has been dismissed); Morris v. City of Hobart, 39 F.3d 1105, 1110 (10th Cir. 1994).

I find no ambiguity in the settlement agreement. The agreement is not reasonably susceptible to different constructions. See Levenson v. Mobley, 106 N.M. 399, 744 P.2d 174 (1987).

Defendant's untimeliness with respect to the claims of Cornelius Redhouse, Christine Pinto and Ray Trephibia violated paragraph eight of the settlement agreement. Additionally, Wal-Mart's response to the claims of Johnny Begay, Jr., Patricia Chavez, Adrian Cheromiah, Kay Christian, Lenny Desiderio, Tammie Etsitty, James Henry, Rocco James, Diana King, Kathleen Laate, Evelyn Lagoy, Victoria Lee, Dale Livingston, Paul Montoya, Minnie Woody, and Samantha Yazzie violated paragraph eight because the response does not specify which part of the claims were in dispute and did not provide the basis for the dispute. Wal-Mart should have given "clear reasons as to why it" declined to pay the claims within the window established under the settlement agreement instead of waiting until Plaintiffs filed this motion. (Def.'s Res. at 9.) Consequently, Plaintiffs' motion for partial summary judgment will be granted.[1] Wal-Mart will be entitled to set-offs for any amounts previously paid. Interest will be awarded to the various Plaintiffs at a rate of 10% per annum computed from June 15, 1998, as per the settlement agreement.[2]

Pursuant to Federal Rule of Civil Procedure 53, I will appoint Mr. Michael Harbour of the law firm of Madison Harbour Mroz & Brennan, P.A., as a special master for the remaining claims. Mr. Harbour is to evaluate the remaining claims and submit a master's report to me by April 2, 1999. Mr. Harbour's compensation will be $200 per hour, plus applicable sales tax and expenses, all to be

---

[1] Amazingly, it was Wal-Mart that initiated the settlement offer. (See Pls.' Motion Ex. B.)

[2] Defendant will be ordered to pay Johnny Begay, Jr. $27,230.40; Patricia Chavez $13,050.24; Adrian Cheromiah $3,723.60; Kay Christian $9,118.80; Lenny Desiderio $16,959.36; Tammie Etsitty $1,605.24; James Henry $19,464.75; Rocco James $5,544.00; Diana King $18,748.80; Kathleen Laate $9,225.90; Evelyn Lagoy $19,674.48; Victoria Lee $12,192.30; Dale Livingston $10,464.00; Paul Montoya $1,980.00; Christine Pinto $7,486.50; Cornelius Redhouse $9,213.84; Ray Trephibia $22,891.44; Minnie Woody $6,281.73; and Samantha Yazzie $1,509.60. These amounts reflect the claims submitted by the various plaintiffs as contemplated in paragraph 7 of the settlement agreement.

charged to Wal-Mart. Plaintiffs will have until February 2, 1999 to submit all outstanding affidavits in this case.

Wherefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion for Partial Summary Judgment, filed July 17, 1998 *(Doc. 40)*, is **granted**. Partial summary judgment will be entered in accordance with this opinion.

IT IS FURTHER ORDERED that Mr. Michael Harbour of the law firm of Madison Harbour Mroz & Brennan, P.A., is appointed as special master to evaluate the remaining claims. Mr. Harbour shall submit a master's report to the Court by April 2, 1999.

IT IS FURTHER ORDERED that Plaintiffs shall have until February 2, 1999 to submit all outstanding affidavits in this case.

DATED this 11th day of January, 1999.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

| | |
|---|---|
| Counsel for Plaintiffs: | Shane C. Youtz |
| | Youngdahl, Sadin & Morgan, P.C. |
| | Albuquerque, New Mexico |
| | |
| Counsel for Defendant: | Steve S. Scholl |
| | Sharp, Jarmie & Scholl, P.A. |
| | Albuquerque, New Mexico |