# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

PATRICIA CHAVEZ, et al.

      Plaintiffs,

      vs.                                                     No. CIV 97-0619 JC/LFG

WAL-MART STORES, INC.,

      Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER came on for consideration of Mr. Gilbert Santillanes' Motion to Amend, filed April 22, 1999 (*Doc. 58*). The Court has reviewed the motion, the memoranda submitted by the parties, and the relevant authorities. The Court finds that Mr. Santillanes' motion is not well taken and will be denied.

Plaintiff Gilbert Santillanes moves to amend the Second Amended Complaint (*Doc. 21*) in this case to add claims relating to his recent discharge from Defendant Wal-Mart. Mr. Santillanes claims Wal-Mart discharged him for being a party to this lawsuit.

Motions to amend are generally governed by Federal Rule of Civil Procedure 15. Rule 15(d) covers supplemental pleadings associated with "transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." FED. R. CIV. P. 15(d). Rule 15(d) motions are to "be freely granted when doing so will promote the economic and speedy disposition of the entire controversy between the parties, will not cause undue delay or trial inconvenience, and will not prejudice the rights of any of the other parties to the action."

6A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1504 (2d ed. 1990).

In this case, granting Mr. Santillanes' motion would not promote the economic and speedy resolution of this controversy. This case involves the Fair Labor Standards Act ("FLSA") claims of dozens of Plaintiffs who claim Wal-Mart forced them to work "off-the-clock" without compensation and altered their time records to avoid paying overtime. The case has been assigned to a special master since January 11, 1999 (*see Doc. 54*) and is very close to resolution. The special master's report is due in less than two weeks.

Mr. Santillanes' new claims are based on facts and circumstances that, although based on the filing of this suit, are independent of the FLSA issues. Adding the new and separate claims would unnecessarily delay the lawsuit and would not promote judicial economy. Additionally, the separate nature of Mr. Santillanes' claims would prejudice Wal-Mart. *See Gillahan v. Shillinger*, 872 F.2d 935 (10th Cir. 1989) ("Leave to supplement a complaint should be liberally granted unless good reason exists for denying leave, such as prejudice to the defendants."); *Albrecht v. Long Island R.R.*, 134 F.R.D. 40, 42-43 (E.D.N.Y. 1991) ("The introduction of separate sets of witnesses and unrelated testimony regarding the two [separate events would] likely confuse the trier of fact, thereby prejudicing the defendant.").

Wherefore,

IT IS HEREBY ORDERED that Mr. Gilbert Santillanes' Motion to Amend, filed April 22, 1999 (*Doc. 58*), is **denied**.

DATED this 28th day of April, 1999.

                                         **CHIEF UNITED STATES DISTRICT JUDGE**

Counsel for Plaintiffs:

    Shane C. Youtz
    Youngdahl, Sadin & Morgan, P.C.
    Albuquerque, New Mexico

Counsel for Mr. Santillanes:

    John McCall
    Paul Livingston
    Albuquerque, New Mexico

Counsel for Defendant:

    A. Brent Bailey
    Sharp, Jarmie, Scholl & Bailey, P.A.
    Albuquerque, New Mexico